Tucker, Richard T., J.
This matter came before the court upon the defendant Massachusetts Department of Correction’s (Department) motion for summary judgment. At issue is plaintiffs complaint filed October 9, 2009 seeking injunctive and declaratory relief under G.L.c. 231A. On March 15, 2010, the Department filed amotion to dismiss based upon the grounds of issue -preclusion. This motion to dismiss was granted on May 13, 2010. Upon appeal, the Massachusetts Appeals Court vacated the dismissal and remanded the case for further proceedings.[1] Thereupon the Department filed the present motion for summary judgment.
APPLICABLE STANDARD
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.RCiv.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass. at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
FINDINGS OF FACT
Upon the pleadings, written submissions of the parties, and the oral arguments of the parties, I make the following findings of fact.
(1) On May 24, 2009, a staff member of the Department conducted an assigned search of plaintiffs cell in Housing Unit 3-3, MDC Norfolk. During this search, the staff member uncovered certain items of contraband. This resulted in the plaintiff being given Disciplinary Report #163375. He was then placed on Awaiting Action (AA) status.
(2) While on AA status, the plaintiff was relocated from the general population into the Special Management Unit (SMU). Plaintiff remained in SMU from May 24, 2009 until June 1, 2009.
(3) On June 1, 2009, plaintiff pled guilty to Disciplinary Report #163375 and was sentenced a sanction of loss of canteen privileges for forty-five days.
(4) Upon plaintiffs release from SMU back into the general population, he did not return to the single-man cell that he had left, but was placed in a two-man cell. It is this placement that plaintiff alleges is viola-tive of the statutes and regulations regarding disciplinary sanctions.
DISCUSSION
Plaintiff claims that his relocation to a two-man cell results in a sanction over and above that which was set forth as the sanction for his Disciplinary punishment. Fernette alleges that by imposing loss of his cell as an additional sanction, the Department has imposed punishment not provided by law or by regulation. The Department responds that decisions regarding the housing of inmates are not related to any disciplinary actions taken against inmates, but instead, result from the normal needs to house inmates at the institution. Such housing decisions result, it is argued, from the overcrowding situation that exists at MDC Norfolk. As a result, when inmates are transferred to SMU of to any other unit within the institution, their original cell cannot be held open awaiting their return. The loss of a one-man cell is thus deemed to be a collateral consequence but not a disciplinary sanction. Such housing decisions have been held by our appellate courts to be matters that fall within the Department’s administrative discretion. See Nelson v. Commissioner of Correction, 390 Mass. 379, 396-97 (1983); Henderson v. Commissioner of Barnstable County, 49 Mass.App.Ct. 45, 464-65 (2000).
Plaintiff does not dispute the housing discretion of the Department in his Memorandum in Support of Opposition to Defendant’s Motion for Summary Judgment. He states that “plaintiff is not contesting the authority of a prison administrator’s ability to move plaintiff by giving him a ‘new housing assignment.’ ” Plaintiff argues in effect that as a result of the regulations relating to the disciplinary process, an inmate who is disciplined might have greater rights to a certain cell upon the termination of his discipline than an inmate who requires housing, but has not been disciplined. This argument lacks merit.
In a case of great similarity the Appeals Court upheld a Superior Court Judge’s allowance of a superintendent’s motion for summary judgment in a case alleging that the inmate was reassigned to a different cell following his discipline for an infraction. Peixoto v. Superintendent, Massachusetts Correctional Institution, Norfolk, 79 Mass.App.Ct. 1110 (2011) WL 1368, 1378 (Mass.App.Ct.). In Peixoto the Appeals Court held that loss of employment and housing in a one-person cell were not disciplinary sanctions, but instead were collateral consequences that came within the superintendent’s administrative discretion. Id.
*335 Similarly this court finds that the loss of a single-cell unit by the plaintiff did not result in an additional disciplinary sanction, but instead resulted from the housing needs of the institution which were met by a decision to relocate the plaintiff upon his release from SMU. This decision was within the sound discretion of the Department administrators. Accordingly I find that the defendant did not act in violation of any of the promulgated regulations concerning the disciplining of plaintiff for an infraction.
ORDER
The Motion of the Massachusetts Department of Correction for Summary Judgment is ALLOWED.

The Appeals Court found that issue preclusion resulting from another judge’s January 23, 2009 order concerning a different grievance, did not bar plaintiffs instant complaint.